### KEYS & ALFORD V. HOLMES & RISTINE..

1. COMPETENCY OF A WITNESS. In an action on a joint promissory note one of the defendants offered to let judgment be entered against him for the amount claimed by the plaintiff, whereupon he was offered as a witness by his co-defendant. *Held*, That his evidence as to the issues between the plaintiff and his co-defendant was admissible, but as to matters which would benefit himself by reducing the amount of plaintiff's claim, it was inadmissible.

*Appeal from Linn District Court.*

SATURDAY, OCTOBER 6.

THE facts are fully stated in the opinion of the court.

*I. M. Preston* for the appellant. . . . .

*Hubbard & Stevens* for the appellee, relied upon *Danforth, Davis & Co.* v. *Carter & May*, 4 Iowa 230; *Williams* v. *Soutter, et al*, 7 Ib. 435, and *Greenough Cook & Co.* v. *Shelden*, 9 Iowa 503.

Lowe. C. J.—Suit on a note of $200, made by defendants to plaintiffs, January 25th, 1855, payable one day after date. The defendants' first answer jointly, denying the whole claim; and also pleading payment of one hundred dollars on the same, and setting up an offset of $85 more. The defendant, Ristine, also pleads separately, denying the execution of the note, and claiming that when it was executed the partnership between him and Holmes had been dissolved, and that the note had been executed without his authority; plea sworn to; general replication, trial, verdict for plaintiff for forty-six dollars and thirty-three cents.

The bill of exceptions shows that on the trial the plaintiffs proved the execution of the note, offered the same as evidence and rested their case. The defendants then, as they had done before the commencement of the trial, offered to let judgment be entered against Holmes for the full amount of plaintiffs' claim, for the avowed purpose of calling him as a witness for his co-defendant, Ristine. Counsel for plaintiffs declined this offer, and thereupon Holmes was sworn as a witness against the protest of the plaintiff; and testified that the firm of Holmes & Ristine was dissolved at the execution of said note, but that the firm had paid one hundred dollars on said claim, and also that their claim of $85 was a just set-off against plaintiffs' demand; and this was all the evidence the defendants offered, and this was manifestly inadmissible under the circumstances. His testimony bore directly upon the issue made between him and the plaintiffs, which the jury was sworn to try, and their verdict shows that he got the full benefit of his own testimony.

The mere offer to let judgment go against Holmes for the full amount of plaintiffs' claim, laid no foundation for the introduction of such testimony. Such offer did not dispose

of the issue between Holmes and the plaintiffs, and until that was disposed of, either by a confession of judgment or a withdrawal of the same from the jury, it was not competent for him upon his own call or that of his co-defendant to testify to facts bearing upon the same.

If the court, however, had entered, upon Holmes' confession, a judgment against him, in favor of the plaintiffs, for the full amount of their claim, or treated the issue as withdrawn, which it was competent as well as the duty of the court to do, Holmes assenting, then upon the authority of *Danforth, Davis & Co.* v. *Carter & May*, 4 Iowa 230, Holmes would have been a competent witness for his co-defendant, Ristine. But his testimony in that event should be confined to Ristine's liability under the separate issue which he had made with the plaintiffs. To permit his testimony to apply to an issue which he himself had made with the plaintiffs, and to be considered by the jury in reducing the amount which he had or was willing to confess, would be manifest error as the result of the trial in this case practically illustrates.

Judgment reversed and cause remanded.